UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

SYLVIA BOWEN-HOOKS,

                    , Plaintiff,

          -against-

CITY OF NEW YORK, DAVID M. FRANKEL,
Commissioner of City of New York
Department Of Finance, LINDSAY EASON,
Sheriff of City Of New York, TIMOTHY
LAROSE, Chief of Operations Office of
The Sheriff, OLIVER PU-FOLKES, First
Deputy Office of the Sheriff, PETER
SAMMARCO, Director of Strategic
Operation and Integrity,
individually and in their
Official capacities,

                    Defendants.
------------------------------------------X

SUMMONS ISSUED
CV 10-5947

COMPLAINT
WITH JURY DEMAND
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 2 2 2010 ★

BROOKLYN OFFICE
GARAUFIS, J.

GOLD, M.J.

          Plaintiff, SYLVIA BOWEN-HOOKS ("BOWEN-HOOKS"), by and

through her attorneys, the law firm of CRONIN & BYCZEK,

LLP, as and for her Complaint against Defendants,

respectfully set forth the following:

**NATURE OF ACTION**

          1.    This action is hereby commenced for the purpose

of seeking to secure protection of, and to redress the

deprivation of, rights secured by the United States

Constitution, Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §1981, 42 U.S.C. §1983, New York State

Executive Law §296, and New York City Human Rights Law §8-

107 et. seq., providing for relief based upon Defendants' unlawful employment practices of engaging in discrimination based upon Plaintiff's sex, race and retaliation against Plaintiff for engaging in the protected activity of formally complaining of said discrimination.

## JURISDICTION

2. The jurisdiction of this Court is invoked based upon federal questions and pursuant to the Constitution of the United States, the New York State Constitution, 28 U.S.C. §§1343(3) and (4), 28 U.S.C. §1331, as well as 42 U.S.C. §2000e through §2000e (15).

3. This Court has supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. §1367.

4. Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to any and all state claims set forth in all counts.

5. The rights, privileges and immunities sought herein to be redressed are those secured by the First Amendment freedom of speech and by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, and provisions against, race and sex discrimination and retaliation in employment based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, 42 U.S.C. §1983, The Lilly Ledbetter Fair

2

Pay Act, Equal Pay Act, along with applicable provisions of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

### SATISFACTION OF PREREQUISITES UNDER TITLE VII

6.   On or about January 7, 2010, Plaintiff, SYLVIA BOWEN-HOOKS, in accordance with applicable law, filed a Verified Complaint with the United States Equal Employment Opportunity Commission ("EEOC"), which organization receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Laws, including Title VII of the Civil Rights Act, as amended.

7.   Said Verified Complaint charged that Defendants engaged in unlawful employment discrimination practices based upon race, sex and in retaliation for engaging in protected activity.

8.   On September 22, 2010, the EEOC issued "Right to Sue" Letter advising Plaintiff of the completion of her prerequisites to file suit in federal court. Plaintiff, received said Right to Sue Letter on September 24, 2010. A copy of the "Right to Sue" Letter issued to Plaintiff is annexed hereto as **Exhibit "A"**.

## **VENUE**

9.  Venue is proper within the Eastern District of this Court, City of New York, State of New York, as the course of Defendants' conduct took place within the boundaries of the County of Queens, State of New York, and the instant causes of action are based upon violations of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

## **PARTIES**

10.  Plaintiff BOWEN-HOOKS is a Black female citizen of the United States and a resident of Nassau County, State of New York. She has registered her opposition to the discriminatory practices of Defendants and thus is a member of a protected class. At all times relevant to this action, Plaintiff BOWEN-HOOKS was, and still is, a uniformed member of the CITY Sheriff's Office since 1986. She currently holds the position of Supervising Deputy Sheriff/Lieutenant. Plaintiff BOWEN-HOOKS at all times relevant herein was a "Delegate" for Lieutenants in the Deputy Sheriff's Union.

11.  Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Department of Finance that acts as its agent

4

and for which it is ultimately responsible. The New York City Sheriff's Office is a division of the Department of Finance, and is the chief civil law enforcement office for the CITY.

12. Defendant DAVID M. FRANKEL ("FRANKEL") has been Commissioner of the CITY Department of Finance since 2009 and was, and still is, acting in such capacity at all times relevant herein. FRANKEL was, and still is, Plaintiff's supervisor. FRANKEL is sued in his official capacity.

13. Defendant LINDSAY EASON ("EASON") has been Sheriff for the CITY since January 2002. EASON, at all times relevant to this Complaint, was and still is Plaintiff's superior officer and supervisor. He is sued in his individual and official capacity.

14. Defendant TIMOTHY LAROSE ("LAROSE") was at all times relevant the Chief of Operations for the CITY Sheriff's Office. At all times relevant to this Complaint, LAROSE was and still is Plaintiff's superior officer and supervisor. He is sued in his individual and official capacity.

15. Defendant OLIVER PU-FOLKES ("PU-FOLKES") was at all times relevant the First Deputy Sheriff for the CITY Sheriff's Office. At all times relevant to this Complaint, PU-FOLKES was and still is Plaintiff's superior officer and

supervisor. He is sued in his individual and official capacity.

16. Defendant PETER SAMMARCO ("SAMMARCO") was at all times relevant the Director of Strategic Operations and Integrity for the CITY Sheriff's Office since May 2006. At all times relevant to this Complaint, SAMMARCO was and still is Plaintiff's superior officer and supervisor. He is sued in his individual and official capacity.

## FACTS UNDERLYING PLAINTIFFS' CLAIMS

17. Plaintiff BOWEN-HOOKS is currently employed as a Supervising Deputy Sheriff/Lieutenant in the CITY Sheriff's Office, a division of the Department of Finance, where she has worked since July 1986. Plaintiff was the first female Deputy Sheriff. The next rank within the Sheriff's Department is a discretionary appointment of Sergeant. Plaintiff was consistently passed over for Sergeant. Plaintiff was passed over due to her gender and race. Having no alternative because she scored so high on the Civil Service Exam for Lieutenant, Plaintiff was appointed to Lieutenant in 1997. Plaintiff was the first female Lieutenant.

18. Throughout her employment with Respondent Office of the Sheriff, BOWEN-HOOKS has always had an exemplary

performance record maintaining evaluations of "superior/outstanding". Plaintiff has never had any civilian complaints against her. Plaintiff has never until now had any disciplinary charges.

19. Plaintiff has been treated differently than similarly situated members of the Office of the Sheriff who are not Black, female or active in the Union and vocal in their opposition to the Sheriff's discriminatory practices in the terms and conditions of her employment.

20. Plaintiff has suffered adverse employment actions, specifically Plaintiff has been subjected to unfair discipline; Plaintiff has not been awarded discretionary pay, as promised, for the additional work Plaintiff was required to do that an Undersheriff does, Plaintiff is routinely and without justification, denied opportunity for overtime pay.

21. Plaintiff has been subjected to retaliatory conduct such as a requirement that she wear uniform at all times when her fellow male Lieutenants are not required; Failure to transfer Plaintiff to a locale closer to her home, a benefit all other Lieutenants enjoy; Plaintiff has been subjected to excessive monitoring and criticism of her work.

22. Plaintiff has been subjected to a hostile environment whereby her authority as a Lieutenant is undermined and she is given menial tasks, subject to stalking and sexual harassment by her Director and not given awards when less senior fellow officers receive awards for the same acts.

23. Plaintiff has complained of the discrimination practices of Sheriff Eason since 2007.

24. Since on or about 2007 Defendant Director SAMMARCO has continually stalked Plaintiff, leered at Plaintiff and insisted that Plaintiff be visible through her office window for him.

25. Defendant Director SAMMARCO has made sexually harassing and derogatory comments, gestures and actions towards Plaintiff.

## HOSTILE WORK ENVIRONMENT AND RETALIATION

26. On June 4, 2009, widespread personnel transfers were ordered. All other Lieutenants who are white males were permitted to transfer to their requested positions. Most if not all were junior to Plaintiff and requesting positions closer to home. Plaintiff was not permitted a transfer closer to home.

8

27. On September 4, 2009, at a "Kendra's Unit" staff meeting, Plaintiff was extremely vocal in defense of herself and her staff. Plaintiff was singled out because of wearing jewelry and disciplined. When Plaintiff protested that many men on the job wear bracelets, earrings and necklaces without discipline, Plaintiff was threatened with going out in the "field" despite her extreme senior status. In fact, Plaintiff was placed out in the "field" shortly after complaining that she was being discriminated against.

28. On that date, Plaintiff complained to her supervisors that she was being singled out because she was a female, Black and had previously opposed the discriminatory treatment of herself and others. Despite the internal office of EEO Rules and Regulations, neither Supervisor reported the complaint to OEEO. Rather, on the next day, Plaintiff reported her complaint to the internal EEO who in complete contradiction to the Federal EEOC guidelines reported the complaint to Plaintiff's supervisors.

29. Following that September 4, 2009 meeting Plaintiff's life in the Sheriff's office became unbearable.

30. Additionally for many years Plaintiff has been on the Board of her union. Plaintiff was very vocal and has

9

signed her name to advertisements and petitions prompting a vote of "No Confidence" against the Sheriff.

31.  During September 2009, 1st Deputy Pu-Folkes was captured in photo and on videotape at the United Nations in full uniform wearing his Sheriff's uniform with "4 stars" along with his New York City Police Department patch on his sleeve.  As the implication to any outsider was that he was a 4 Star Chief with NYPD (he is actually on loan from NYPD and holds only the rank of Sergeant with NYPD), Plaintiff brought this inappropriate dress to the attention of the Sheriff.  Again, Plaintiff was threatened with going into the "field:" for her "whistle blowing".

32.  Following the threat to put Plaintiff in the "field", Plaintiff has been literally harassed every day, receiving dozen of memos questioning her every action and her activity.

33.  On September 4, 2009, for the first time in Plaintiff's career she was threatened with formal discipline.  Although Plaintiff only received a "counseling memo" dated September 18, 2009, Plaintiff believes it was in retaliation because Plaintiff filed an EEO action, and that it is retaliatory discipline which Plaintiff did not deserve.  The Sheriff, 1st Deputy Sheriff Oliver Pu-Folkes and Chief of Operation Timothy LaRose and Plaintiff's

supervisor Chief Thomas Doyle all signed off on this retaliatory discipline. Plaintiff was then forced to respond repeatedly to allegations that her activity was deficient and/or did not include supervisory function. This was the first such allegation in her twelve year career as a Lieutenant.

34. In or about September 2009, an order was issued to require the "Kendra's Unit" to wear full uniform. Again, Plaintiff alleges this was retaliatory for her opposing the discriminatory treatment of herself.

35. When Plaintiff brought the retaliatory nature of this conduct to management they exacerbated their conduct and now require the entire department to wear a uniform. The entire department now blames Plaintiff for the punitive change. Plaintiff again received a "counseling memo" dated September 18, 2009 a retaliatory form of discipline for having spoken out against discrimination by filing her EEO complaint on September 10, 2009.

36. Additionally, following the September 4, 2008 meeting over a two month period of time "Notes" of the meeting were circulating to numerous individuals which seriously misquoted Plaintiff's participation in the meeting.

11

37.  Since Plaintiff's EEO complaints against the Sheriff starting in 2007 her evaluations have resulted in a final rating of "Superior" (her rating had always been "Superior" and "Outstanding" with an overall rating of "Outstanding"). Additionally, Plaintiff's last evaluation was done by Chief LaRose who does not even supervise Plaintiff. In response to Plaintiff's inquiry concerning this evaluation, the Chief stated "It's the same as last year." When Plaintiff further complained that it was unfair, her complaint fell on deaf ears.

### FAILURE TO AWARD DISCRETIONARY PAY/FAILURE TO PROMOTE

38.  Defendants failed to promote Plaintiff to Under Sheriff, based upon her workload and responsibilities.  The title of "Under Sheriff" is discretionary.  Defendant have gone on record that they only have discretion to promote Lieutenants to Under Sheriff positions, but have not promoted Plaintiff despite the fact that she has taken over for a retiring Under Sheriff in his job title and responsibility from 2007-2009.

39.  Plaintiff is not being compensated for this additional work that is outside her job title as Lieutenant. Despite the fact that Sheriff Eason promised to award Plaintiff discretionary pay pursuant to the

12

Collective Bargaining Agreement, Plaintiff has not been compensated accordingly.

40.    Upon information and belief, Defendants have failed to award Plaintiff discretionary pay because of her Union activity, because she is a Black female, and in retaliation for Plaintiff's filing of EEO and EEOC complaints in opposition to discriminatory practices of the Sheriff.

41.  Upon information and belief, Defendants do not treat similarly situated members of the Sheriff's Office in this manner, as other members are awarded discretionary pay.

## UNEQUAL PAY

42. As the Senior Lieutenant in the "Kendra's Unit," at the sudden retirement of her supervisor, Undersheriff Peter Talamo, Plaintiff took over the Undersheriff's role and responsibility for her Unit from 2007 until the appointment of an Undersheriff. Plaintiff was solely responsible for the Supervision of the Cigarettes Tax Enforcement Unit. Upon information and belief, the White male non-complaining Undersheriff's received greater pay than Plaintiff did.

13

## **DENIAL OF OVERTIME**

43. Upon information and belief, Defendants have denied Plaintiff the opportunity for overtime pay at the rate of one and one-half times her regular rate of pay for all hours Plaintiff has worked in excess of a forty-hour (40) work week. It is extremely frustrating for Plaintiff to watch as other members of the Sheriff's Office are granted overtime compensation, which she is routinely denied.

44. Upon information and belief, Defendants have denied Plaintiff overtime compensation because of her race and gender, Union activity and in retaliation for her filing of EEO/EEOC complaints in opposition to discriminatory practices of the Sheriff.

45. Upon information and belief, Defendants do not treat similarly situated non-minority members of the Sheriff's Office in this manner. The most recent examples of failure to provide overtime opportunity occurred on September 21, 2009 for the Mayor's Office Response to the 2009 UN General Assembly.

14

## FAILURE TO PROVIDE EQUAL
## OPPORTUNITY FOR CAREER ADVANCEMENT

46.   Over the years Plaintiff has put in requests for her deputies to received Exceptional Merit Medals.   On rare occasions Plaintiff's deputies received recommendations for these commendations but never has Plaintiff been awarded the same opportunity.

47. For years Plaintiff has watched other Units and their deputies receive numerous commendations, most recently Chief Fucito's Unit was in receipt of the highest commendation, the Medal of Honor.

48.   The Unit Plaintiff supervises "Kendra's Unit" is as deserving if not more and has received no awards.   These awards are essential for career advancement.   They separate the average Sheriff from the exceptional.   This is critical in the use of assessment for merit promotion (Sergeant and Undersheriff).   Plaintiff believes this failure to provide equal opportunity to her and her subordinates is in direct retaliation of her Union activity and strenuous opposition to the Sheriff's discriminatory and retaliatory conduct.

## INTERNAL EEO OFFICE VIOLATION OF CONFIDENTIALITY AND
## RETALIATION

49.   On  or  about  September  10,  2009  after receiving the aforementioned retaliatory "counseling memo"

and adverse treatment, Plaintiff contacted the Department of Finance Director of Equal Employment Opportunity.

50. Plaintiff filed a complaint form but did not follow through on an internal EEO filing because the immediate step after the filing was the sending of a copy of her complaint with her name on it to the Defendant, her supervisor. Plaintiff believes this is a violation of what should be the confidential nature of the EEO. More egregiously this has resulted in retaliation by the Defendants.

51. Plaintiff believes this procedure violates the letter and spirit of the Federal EEOC mandate. These aforementioned acts have caused Plaintiff tremendous personal anxiety, health concerns, personal and professional embarrassment, has damaged her professional reputation and has hindered and compacted her present and future ability to earn a living. Plaintiff has suffered economic, physical, emotional and mental damages.

## STALKING AND SEXUAL HARASSMENT

52. In December 2010 Plaintiff filed an internal EEO Complaint against Defendant Director SAMMARCO for his continued stalking and sexual harassment of Plaintiff.

## AS AND FOR A FIRST CLAIM PURSUANT TO 42 USC §1981
## AGAINST ALL DEFENDANTS

53.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-52 with the same force and effect as if fully set forth herein.

54. Throughout the events cited herein, the individual Defendants, while acting under the color of law, subjected Plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the equal protection and due process guarantees of the 14th Amendment of the Constitution, civil rights as guaranteed under Article I, Section II, of the New York State Constitution.

55.  Plaintiff has been deprived of her Constitutional rights to be free of discrimination based upon race, gender and retaliation and has been damaged in her employment and has suffered emotional distress and conscious pain and suffering as a result of these actions.

56.  The actions of Defendants, in depriving Plaintiff of her constitutional and civil rights, as herein before stated, were willful and malicious acts.

57.  As a result of the aforesaid wrongful, reckless and intentional acts of Defendants, Plaintiff has been damaged in the amount of $5,000,000.00.

17

58. Based on the foregoing, Plaintiff is entitled to punitive and exemplary damages in the sum of $5,000,000.00.

### AS AND FOR A SECOND CLAIM PURSUANT TO 42 USC §1983 AGAINST ALL INDIVIDUAL DEFENDANTS

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-58 with the same force and effect as is fully set forth herein.

60. The individual Defendants have embarked on a course of conduct that deprived Plaintiff of her rights under the United States Constitution, federal and state law.

61. The facts and circumstances cited above with reference to the Constitution and other civil rights violations suffered by Plaintiff are examples of Defendants' violations of Plaintiff's civil rights.

62. The actions of Defendants, acting under color of state and local law, custom and usage, have deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of her rights to due process under the 14th Amendment.

63. By these actions, Defendants have jointly and

separately deprived Plaintiff of her rights under the 14th Amendment to the United States Constitution, in violation of 42 USC §1983.

64. As a consequence of Defendants' unlawful actions, Plaintiff demand damages in the amount of $5,000,000.00.

## AS AND FOR A THIRD CLAIM AGAINST DEFENDANTS FOR FIRST AMENDMENT RETALIATION

65. Plaintiff repeats, realleges, and reiterates each and every allegation set forth in paragraphs 1-64 with the same force and effect as is fully set forth herein.

66. Plaintiff has been unlawfully subjected to a hostile work environment and harassment in retaliation for exercising her First Amendment rights to free speech.

67. The aforementioned conduct on the part of Defendants was without cause or justification and violated Plaintiff's rights, civil rights, privileges and immunities as guaranteed by the First Amendment of the United States Constitution as well as the Constitution of the State of New York and the New York City Administrative Code and Human Rights Law.

68. The actions of Defendants in depriving Plaintiff of her constitutional and civil rights were willful and malicious acts.

19

69. As a direct and proximate consequence of Defendants' unlawful, discriminatory and harassing conduct, Plaintiff has suffered losses of benefits and privileges of her employment with the Sheriff's Office, been damaged professionally and economically, as well as suffered physical and emotional pain and suffering.

70. Based on the foregoing, Plaintiff is entitled to compensatory damages in the amount of $5,000,000.00, and punitive and exemplary damages in the amount of $5,000,000.00.

## AS AND FOR A FOURTH CLAIM IN VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964 AS AMENDED

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-70 with the same force and effect as is fully set forth herein.

72. Based upon the aforementioned facts, Defendants discriminated against Plaintiff as a result of her race, and gender and in retaliation for exercising her First Amendment rights to complain of discrimination without retaliation.

73. Defendants intentionally and willfully discriminated against and harassed Plaintiff and permitted Plaintiff to be discriminated against and harassed in her

employment on account of her race, and gender in retaliation for opposition to discrimination, thereby violating §704(A) OF Title VII of the Civil Rights Act of 1964 as amended and 42 USC §2000e-3(a).

74. No action was taken by Defendants or its agents to stop the harassment of Plaintiff, thereby contributing to a hostile working environment.

75. As a result of the Defendants' conduct, Plaintiff has suffered economic loss, pain, humiliation, embarrassment, and extreme emotional distress and continues to suffer to this day, and further as a result of Defendants' conduct, Plaintiff has suffered both professionally and personally.

76. As a result of the foregoing, Plaintiff has been damaged in the amount of $5,000,000.00. Additionally, Plaintiff seeks punitive and exemplary damages in the sum of $5,000,000.00 against the individual Defendants.

## AS AND FOR A FIFTH CLAIM PURSUANT TO New York STATE EXECUTIVE LAW §296

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-76 with the same force and effect as if fully set forth herein.

78. Based on the foregoing, Defendants intentionally and willfully discriminated against Plaintiff in her

employment on account of race, gender and retaliated against for her opposition to discriminatory practices in violation of New York State Executive Law §296. Plaintiff has continuously been victimized by Defendants for her opposition to discrimination and a hostile working environment created by Defendants.

79. Even though Defendants were aware of Plaintiff's complaints and the existence of a hostile work environment, no actions were taken by Defendants in an effort to correct the discriminatory conduct on behalf of the individual Defendants.

80. Such conduct on the part of Defendants and all others, without cause or justification, violated the Plaintiff's civil rights guaranteed under the New York State Constitution and New York State Executive Law § 296.

81. As a result of Defendants' actions and all deprivations of Plaintiff's rights as guaranteed under New York State Executive Law § 296, Plaintiff has suffered economic loss, pain, humiliation and extreme emotional distress.

82. As a result of the foregoing wrongful, careless and intentional acts of Defendants, Plaintiff has been damaged in the amount of $5,000,000.00. Additionally

22

Plaintiffs seek punitive and exemplary damages in the amount of $5,000,000.00.

## AS AND FOR A SIXTH CLAIM PURSUANT TO NEW YORK CITY ADMINISTRATIVE CODE SECTION 8-107(1) et. seq.

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-82 with the same force and effect as is fully set forth herein.

84. Defendants discriminatory conduct based on Plaintiff's race and gender as well as in retaliation for her whistle blowing and complaints of discriminatory conduct by other members of the Department of Finance and in retaliation for her opposition to discrimination, constitutes discrimination in violation of the New York City Administrative Code § 8-107(1) et.seq. and the New York City Human Rights Law.

85. The aforementioned occurrences were caused by the wrongful, careless, reckless and intentional acts of Defendants.

86. Because of the foregoing, Plaintiff has been damaged in the amount of $5,000,000.00. Additionally Plaintiff seeks punitive and exemplary damages in the amount of $5,000,000.00.

## AS AND FOR AN SEVENTH CLAIM AGAINST DEFENDANTS PURSUANT TO VIOLATIONS OF THE LILLY LEDBETTER FAIR PAY ACT, EQUAL PAY ACT

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-86 with the same force and effect as is fully set forth herein.

88. Based upon the aforementioned facts, Defendants discriminated against Plaintiff as a result of her minority status Black female.

89. Defendants intentionally and willfully paid plaintiff at a rate of pay that was less than her non-minority counterpart and continued to do so despite Plaintiff's protestations and complaints.

90. Additionally, Plaintiff has been required to do the same work as Undersheriff since the retirement of the Undersheriff who supervised her in 2007. The difference in the pay rate for Lieutenant and Undersheriff is substantial.

92. Finally, it is the custom, policy and practice of the Sheriff's Office to create "Provisional" discretionary appointments. Specifically, it was the practice of the Sheriff to create "Provisional" Undersheriff positions.

93. No action was taken by Defendants or its agents to stop the unequal pay of Plaintiff, thereby contributing to a hostile working environment.

94. As a result of the Defendants' conduct, Plaintiff has suffered economic loss, pain, humiliation, embarrassment, and extreme emotional distress and continues to suffer to this day, and further as a result of Defendants' conduct, Plaintiff has suffered both professionally and personally.

95. As a result of the foregoing, Plaintiff has been damaged in the amount of $5,000,000.00 FIVE MILLION DOLLARS. Additionally, Plaintiff seeks punitive and exemplary damages in the sum of $5,000,000.00 against the individual Defendants.

**AS AND FOR AN EIGHTH CLAIM AGAINST DEFENDANTS PURSUANT TO 42 U.S.C. §1983 FOR VIOLATION OF THE RIGHT TO EQUAL PROTECTION OF THE LAWS UNDER THE FOURTEENTH AMENDMENT**

96. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-95 with the same force and effect as if fully set forth herein.

97. Defendants, through their policies, practices, acts and omissions are deliberately indifferent to the hostile work environment and harassment of plaintiff and other Union activists created by the defendants and other Sheriffs under

25

their supervision and defendants, thus, subjected the plaintiff and other Union activists to harassment, abuse and a hostile work environment because of their Union activities and outspokenness in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

98. Based on the foregoing, plaintiff is entitled to compensatory damages in the amount of Five Million ($5,000,000.00) Dollars and Punitive damages in the amount of Five Million ($5,000,000.00) Dollars.

**AS AND FOR A NINTH CLAIM
PURSUANT TO 42 U.S.C. §1983 FOR FIRST,
FOURTH AND FOURTEENTH AMENDMENTS RETALIATION**

99. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-98 with the same force and effect as if fully set forth herein.

100. Plaintiff has been unlawfully subjected to a hostile working environment and harassment in retaliation for exercising her First, Fourth and Fourteenth Amendment rights to protected speech. The aforementioned conduct on the part of the defendants was without cause or justification and violated plaintiff's rights, privileges and immunities as guaranteed by the First and Fourteenth

26

Amendment of the United States Constitution as well as the Constitution of the State of New York and the New York State Division of Human Rights Law.

101. Defendants' actions have caused a chilling effect on plaintiff's ability to speak freely regarding Union issues and properly representing Union members.

102. The actions of the defendants in depriving Plaintiff of her constitutional and civil rights were willful and malicious acts.

103. As a direct and proximate consequence of defendants' unlawful, discriminatory and harassing conduct, plaintiff has suffered loss of benefits and privileges of her employment with the Sheriff's Office, damaged professionally and economically, suffered humiliation as well as physical and emotional pain and suffering.

104. Based on the foregoing, plaintiff is entitled to compensatory damages in the amount of Five Million ($5,000,000.00) Dollars and Punitive and Exemplary damages in the amount of Five Million ($5,000,000.00) Dollars.

**JURY TRIAL**

105. Plaintiff requests a jury trial on all questions of fact.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this honorable Court grant the following relief:

1. Declare that the aforementioned actions of Defendants were unconstitutional and in violation of the United States Constitution, the New York State Constitution and New York City Human Rights Law and Administrative Code along with all applicable statutes;

2. Declare that the aforementioned discriminatory actions of Defendants were in violation of New York State Executive Law § 296, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended;

3. Enjoin the defendants and their successors, agents, servants, employees and those in active concert or participation with them from subjecting their employees to retaliatory and harassing conduct based on their race, gender and national origin and their engagement in the protected activity of formally complaining of said discrimination;

4. As and for Plaintiff's First Claim, grant Plaintiff the sum of $5,000,000.00, along with punitive and exemplary damages in the amount of $5,000,000.00;

5. As and for Plaintiff's Second Claim, grant Plaintiff the sum of $5,000,000.00;

28

6. As and for Plaintiff's Third Claim, grant Plaintiff the sum of $5,000,000.00 along with punitive and exemplary damages in the amount of $5,000,000.00;

7. As and for Plaintiff's Fourth Claim, grant Plaintiff the sum of $5,000,000.00 along with punitive and exemplary damages in the amount of $5,000,000.00;

8. As and for Plaintiff's Fifth Claim, grant Plaintiff the sum of $5,000,000.00 along with punitive and exemplary damages in the amount of $5,000,000.00;

9. As and for Plaintiff's Sixth Claim, grant Plaintiff the sum of $5,000,000.00 along with punitive and exemplary damages in the amount of $5,000,000.00;

10. As and for Plaintiff's Seventh Claim, grant Plaintiff the sum of $5,000,000.00 along with punitive and exemplary damages in the amount of $5,000,000.00;

11. As and for Plaintiff's Eighth Claim, grant Plaintiff the sum of $5,000,000.00 along with punitive and exemplary damages in the amount of $5,000,000.00;

12. As and for Plaintiff's Ninth Claim, grant Plaintiff the sum of $5,000,000.00 along with punitive and exemplary damages in the amount of $5,000,000.00.

13. Grant Plaintiff all costs for this action, including reasonable attorney's fees; and

14.   Grant Plaintiff such other and further relief as this Court deems just.

Dated:      Lake Success, New York
            December 21, 2010

                              Yours etc,
                              Cronin & Byczek, LLP


                              _____
                              ROCCO G. AVALLONE (RA8055)
                              Attorneys for Plaintiff
                              1983 Marcus Ave, Suite C-120
                              Lake Success, New York 11042
                              (516) 358-1700

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  **Sylvia Bowen-Hooks**
     **106 Woodhaven Road**
     **West Hempstead, NY 11552**

From:  **New York District Office**
       **33 Whitehall Street**
       **5th Floor**
       **New York, NY 10004**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2010-00995** | **Charles K. Diamond,** **Investigator** | **(212) 336-3771** |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Spencer Lewis Jr._

**Spencer H. Lewis, Jr.,**
**Director**

SEP 2 2 2010

*(Date Mailed)*

Enclosures(s)

cc:  **Joyce Lippman, Esq.**
     **Director, Legal Affairs**
     **NYC DEPARTMENT OF FINANCE**
     **345 Adams Street, 3rd Fl.**
     **Brooklyn, NY 11201**

     **Linda M. Cronin**
     **1983 Marcus Avenue,**
     **Suite C-120**
     **Lake Success, NY 11042**